IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC SHIELDS, | : | No. 4:18-CV-0185 |
| Plaintiff | : | |
| | : | Judge Brann |
| v. | : | |
| | : | **Electronically Filed Document** |
| C.O. HOPKINS, | : | *Complaint Filed 01/23/18* |
| Defendants | : | |

**BRIEF IN SUPPORT OF DEFENDANT HOPKINS
MOTION FOR SUMMARY JUDGMENT**

The Defendant, C.O. Hopkins, hereby files this Brief in Support of his previously filed Motion for Summary Judgment, as follows.

**INTRODUCTION**

Inmate Eric Shields, the *pro se* plaintiff in this case (hereinafter "Plaintiff") brings this action pursuant to § 1983. He alleges that on November 29, 2017, Defendant Hopkins took food off his tray and made statements calling him a "scumbag" and saying Plaintiff should "kill himself," among other statements. He claims that this violates his rights under the Eighth Amendment to the Constitution of the United States; he further alleges that his First Amendment rights were violated.

Plaintiff's claims fail. He failed to appropriately exhaust his administration remedies as required, both by failing to appeal to final review and failing to plead

his grievance with the specificity of the claims he now attempts to bring. Additionally, even taken at his word, Plaintiff does not establish any violation of his constitutional rights. Summary judgment is properly granted in favor of Defendant Hopkins.

## PROCEDURAL HISTORY

This action was filed on January 23, 2018. (ECF Doc. 1). It is currently proceeding on an Amended Complaint (hereinafter "Complaint") filed on May 3, 2018.[1] Defendant Hopkins, the sole Defendant, answered the Complaint on April 15, 2019. (ECF Doc. 22). Discovery closed in this matter on March 7, 2020. (ECF Doc. 31). Per the Court's Order, Defendant Hopkins filed a Motion for Summary Judgment on April 7, 2020. (ECF Docs. 31, 32). This Brief in Support follows.

## SEPARATE STATEMENT OF UNDISPUTED FACTS

Pursuant to this Court's Local Rule 56.1, Defendant filed a separate Statement of Undisputed Material Facts contemporaneous with this brief. In the

---

[1] It was originally brought against a greater variety of Defendants—the report and recommendation from Magistrate Judge Carlson was adopted on February 13, 2019, dismissing Defendants Mahaily, Goyne, and John Doe. (ECF Doc. 13). Defendant Shear was dismissed from this action on July 2, 2019, after two orders from the Court for Plaintiff to show cause why he had not made appropriate service. (ECF Docs. 23, 26, 27).

2

interests of brevity, Defendant will not restate the facts here. Defendant will cite to the evidence at appropriate points in this brief.

## QUESTIONS PRESENTED

I. Is Defendant Hopkins entitled to Summary Judgment because Plaintiff failed to exhaust his administrative remedies?

*Suggested Answer: Yes.*

II. Is Defendant Hopkins entitled to Summary Judgment because Plaintiff has failed to establish a violation of either the Eighth or the First Amendment?

*Suggested Answer: Yes.*

III. Is Defendant Hopkins entitled to qualified immunity?

*Suggested Answer: Yes.*

## ARGUMENT

Standard of Review

"Summary judgment procedure is…an integral part of the Federal Rules as a whole, [and is] designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is appropriate where the moving party shows that "there is no genuine

issue as to any material fact and that [he/she] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex* at 322.

To successfully oppose a motion for summary judgment, Plaintiff cannot rely on the unsupported allegations of the Complaint and he must present more than the "mere existence of a scintilla of evidence" in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Plaintiff must offer specific material facts that would be admissible at trial and that contradict Defendants' assertion that no genuine issue is in dispute. *Kline v. First West Government Securities*, 24 F.3d 480, 485 (3d Cir. 1994); Fed. R. Civ. P. 56(e).

Not all facts are material and not all disputes are genuine. A fact is "material" only if its existence or nonexistence would affect the outcome of the case under the applicable substantive law. *Anderson* at 248; *see also Celotex* at 323 ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"). A dispute is "genuine" only where a reasonable jury "could return a verdict in favor of the non-moving party." *Anderson* at 255; *Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986) ("[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial").

Instantly, under this standard, the Commonwealth Defendants' Motion for Summary Judgment is appropriately granted because there is no genuine issue of material fact, and the Commonwealth Defendants' are entitled to judgment as a matter of law.

### I. Plaintiff failed to exhaust his administrative remedies.

Plaintiff's claims are barred by the Prison Reform Litigation Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-71 (hereinafter "PLRA") because Plaintiff failed to exhaust his administrative remedies as afforded to him by the Department of Corrections. Due to Plaintiff's failure to exhaust his administrative remedies, he is barred from asserting those allegations in this Court. Thus, the Defendants are entitled to summary judgment as a matter of law.

The PLRA unequivocally provides that "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner confined in any … correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006) (holding that the PLRA's exhaustion requirement is mandatory). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) of the PLRA applies to all actions regarding prisons conditions, including Section 1983 actions and actions brought pursuant to any other federal law. "The

5

PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* Accordingly, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered by the administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Nyhuis v. Reno*, 204 F.3d 65, 78 (3d Cir. 2000) (explaining that "the PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory–whether or not they provide the inmate-plaintiff with the relief he says he desires"). "Because of the important policies fostered by this exhaustion requirement, it has been held that there is no futility exception to § 1997e's exhaustion requirement." *Washington-El v. Collins*, 2016 WL 5338709, at *5 (M.D. Pa. June 21, 2016), report and recommendation adopted, 2016 WL 5339733 (M.D. Pa. Sept. 22, 2016). "Instead, courts have typically required across-the-board administrative exhaustion by inmate plaintiffs who seek to pursue claims in federal court." *Id.*

The DOC's inmate grievance procedures are set forth in Administrative Directive 804 (DC-ADM 804), titled Inmate Grievance System. Statement of Material Facts (hereinafter "SMF") ¶ 3. Pursuant to the DC-ADM 804, the Department has a three-tiered grievance system which serves as an inmate's administrative remedy: (1) an initial review by a Grievance Officer; (2) an appeal to the Facility Manager or designee; and (3) an appeal to the SOIGA for final review. SMF ¶ 4.

In the instant case, Plaintiff failed to exhaust his administrative remedies. The record shows that the Plaintiff has not appealed any grievance from the relevant time period to final review. SMF ¶ 16. As he has not administratively exhausted his claims, his complaint is barred under the PLRA. *See, e.g., Sawyers v. Brown*, 2014 WL 407337 (M.D. Pa. Feb. 3, 2014) (granting Defendants' summary judgment where inmate did not exhaust administrative remedies). Additionally, Plaintiff's grievance regarding Defendant Hopkins only includes one statement, so any additional statements he attempts to place on Defendant Hopkins have not exhausted any administrative remedy. *See Spruill* at 234 (inmates must state their claims in grievances with specificity). Thus, summary judgment should be granted in favor of Defendant Hopkins, and the Plaintiff's claims should be dismissed in their entirety.

**II. Plaintiff has failed to establish a violation of his Constitutional rights.**

Defendant Hopkins does not admit to any of the conduct that Plaintiff purports he engaged in. Still, even if Plaintiff's evidence against Defendant Hopkins were to be believed, he has failed to establish a violation of his constitutional rights, and summary judgment is appropriately entered in favor of Defendant Hopkins.

### a. Defendant Hopkins' alleged statements would not be a constitutional violation.

Plaintiff claims that Defendant Hopkins made various statements that he alleges are a violation of his constitutional rights. Plaintiff claims that Hopkins would "call [him] names, tell [him] to kill [himself]… he would call [him] a pedophile… a scumbag."[2] Transcript of Deposition of Eric Shields, attached to Statement of Material Facts as Exhibit C (hereinafter "Deposition"), p. 11, lines 1-7. He further alleges that Defendant Hopkins said "pedophiles don't eat… I really don't give a shit if you eat or not." Deposition, p. 12, lines 10-11. Plaintiff also alleges that in a conversation with another inmate, Defendant Hopkins said he would leave Plaintiff's shower gate open, presumably to allow that inmate to assault him. Deposition, pp. 19-20, lines 20-25, 1-6.

Even if believed by a fact finder, these claims would fail as a matter of law. Mere statements from a corrections officer are not sufficient for a § 1983 action.

---

[2] As mentioned earlier, none of these statements were included on the grievance filed by Plaintiff.

*See Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir.1973) ("…it is well-settled that mere words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights by the officer."). Verbal harassment in the correctional setting, while unprofessional and not condoned, simply does not rise to the level of a constitutional violation. *See Gandy v. Reeder*, 2019 WL 2537923, at * 2 (3d Cir. 2019) ("… mere insults, without more, cannot constitute an Eighth Amendment violation."); *see also Aleem-X v. Westcott*, 347 F. App'x. 731, 732 (3d Cir. 2009) (citation omitted) ("Verbal abuse of a prisoner, even of the lewd variety [], is not actionable under § 1983."); *Dunbar v. Barone*, 487 F. App'x. 721, 723 (3d Cir. 2012) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment."). Summary judgment is appropriately granted in favor of Defendant Hopkins on this issue.[3]

### b. Removing specific food items from a meal tray cannot be considered a constitutional violation.

---

[3] To the extent that Plaintiff's action can be interpreted as an Eighth Amendment Failure to Protect claim based on the statement that he should "kill himself," Defendant notes that Plaintiff presents no evidence that he ever attempted any self-harm. To the extent that the commentary regarding leaving Plaintiff's shower door open so he could be assaulted can be treated as a Failure to Protect claim, Defendant notes that the conversation presented in the Deposition Transcript would likely be inadmissible at a trial, and Plaintiff presents no evidence that his shower gate was in fact left open or that he was ever assaulted based on this.

Plaintiff alleges that food was removed from his tray by Defendant Hopkins.[4] Deposition, pp. 10, lines 19-25. Plaintiff agrees he was not deprived of any entire meal at any point. Deposition, p. 12, lines 1-20, p. 15, lines 6-10.

"The purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation." *Lindsey v. O'Connor*, Fed.Appx. 319, 321 (3d. Cir. 2009); *see Robles v. Coughlin*, 725 F.2d 12, 15 (2d. Cir. 1983). Additionally, a violation of Department of Corrections policy is not automatically a constitutional violation. "[T]he policies of the Department of Corrections and the Eighth Amendment are not the same[.]" *Delker v. Blaker,* 2012 WL 726415, at *6 (W.D. Pa. Mar. 1, 2012). *See also Davis v. Wigen,* 1995 WL 422790, *2 (E.D. Pa. July 13, 1995) (citing *James v. Quinlan,* 866 F.2d 627, 631 (3d. Cir. 1989) ("plaintiff cannot rely on an internal Bureau of Prisons procedure to establish a constitutional violation") *and Grabski v. Logan,* 2014 WL 1340583, *2 (E.D. Pa. April 4, 2014) (permitting limiting instruction as to violation of an internal policy not constituting a violation of the Fourth Amendment). If deprivation of an entire meal is not a constitutional violation, then removing a specific food item but leaving food on the tray for an inmate to eat cannot be a constitutional violation. Thus, even if Plaintiff's evidence were to be believed by a fact finder, he has not

---

[4] Plaintiff only filed a grievance relating to incidents that allegedly occurred on November 28 and 29, 2017.

established any constitutional violation, and summary judgment should be granted in favor of Defendant Hopkins on this issue.

### c. Plaintiff has not established any First Amendment violation.

Although Plaintiff notes in his Amended Complaint that he is bringing a First Amendment claim for retaliation, his evidence does not establish how this relates to Defendant Hopkins.[5]  Plaintiff vaguely claims that the retaliation is because his victim's uncle "works up at Dallas." Deposition, p. 20, lines 23-24. He also states that his "wife's mom" is a sergeant at Dallas, and his "ex's brother" is also employed there. Deposition, p. 21, lines 1-8. He states this is why he was in the Restricted Housing Unit. Deposition, p. 21, lines 9-10. He does not, however, establish what any of this has to do with Defendant Hopkins' alleged conduct.

Liability under § 1983 requires a defendant be personally involved in the constitutional violations alleged. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d. Cir. 1988). Generalized allegations are insufficient to establish this liability. *See Van Tassel v. Piccione*, 608 Fed.Appx. 66, 70 (3d. Cir. 2015). Summary judgment is essentially "put up or shut up" time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely

---

[5] Although the Amended Complaint states that he has faced threats of violence from Defendant Hopkins for utilizing the grievance system, he has presented no evidence on this particular point.

on assertions made in the pleadings, legal memoranda, or oral argument. *See Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109–10 (3d Cir. 1985). As Plaintiff has made no showing of any claim under the First Amendment, summary judgment is properly granted to Defendant Hopkins on this issue.

### III. Defendant Hopkins is entitled to Qualified Immunity.

If an action raises a close question of whether a plaintiff's Eighth Amendment rights were violated, or if a jury would potentially be unable to make a clear determination because the right in question was not "clearly established," then summary judgment should be granted in favor of a government-employed defendant, as that defendant is protected by qualified immunity.

"Qualified immunity shields an officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he] confronted." *Brosseau v. Haugen*, 543 U.S. 194, 599 (2004) (citing *Saucier v. Katz*, 533 U.S. 194, 206 (2001)). Qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson v. Callahan*, 555 U.S. 223 (2009). "This doctrine 'gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Carroll v.*

*Carman*, 574 U.S. 13, 135 S.Ct. 348, 350 (2015) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 743 (2011)) (internal quotation marks omitted).

The Supreme Court has admonished that to be clearly established, "[t]he contours of [a] right must be sufficiently clear that a reasonable [officer] would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). The Supreme Court has "'repeatedly told courts . . . not to define clearly established law at a high level of generality' . . . since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (quoting *Al–Kidd*, 563 U.S. at 743) (citation omitted). Instead, courts "must define the right allegedly violated at the appropriate level of specificity." *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012). Thus, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (citations omitted).

"Where a court elects to address the alleged constitutional violations, however, the court's analysis of the merits for purposes of summary judgment merges with analysis of the deprivation of federal rights for purposes of qualified immunity." *Leaphart v. Palakovich*, No. 3:11-cv-1333, 2011 WL 7070957, *15 (M.D. Pa. Dec. 12, 2011) (R&R, Carlson, M.J.) (citations omitted). "[T]his inquiry 'must be undertaken in light of the specific context of the case, not as a

13

broad general proposition.'" *Haugen*, 543 U.S. at 599 (quoting *Katz* at 201). "[C]rucial to the resolution of [the] assertion of qualified immunity is a careful examination of the record . . . to establish . . . a detailed factual description of the actions of each individual defendant (viewed in a light most favorable to the plaintiff)." (R&R adopted by the Court, *Leaphart v. Palakovich*, 3:11-CV-1333, 2012 WL 175426, at *4 (M.D. Pa. Jan. 20, 2012) (Kosik, J.)).

As discussed above, Plaintiff has not established any constitutional violations by the evidence he has presented, even if Defendant Hopkins acted in the way he claims.[6] Thus, even if Defendant Hopkins was dismissive and insulting to Plaintiff, it cannot be said that is a violation of clearly established law when case law supports the proposition that statements made by corrections staff are not constitutional violations. *See Johnson, infra.* Similarly, when deprivation of an entire meal is not a constitutional violation, it cannot be said that removal of individual food items from a tray while leaving food for the Plaintiff to eat would be a violation of clearly established law. *See Lindsey and Robles, infra.* Thus, summary judgment is properly granted in favor of Defendant Hopkins as he is protected by qualified immunity.

---

[6] As noted above, Defendant Hopkins does not admit to any of Plaintiff's allegations; still, those claims all fail as a matter of law.

## **CONCLUSION**

For the foregoing reasons, the Commonwealth Defendants' Motion for Summary Judgment should be granted.

                                               **Respectfully submitted,**

                                               **JOSH SHAPIRO**
                                               **Attorney General**

                                       **By:**   *s/ Jonathan M. Blake*
                                               **JONATHAN M. BLAKE**

**Office of Attorney General**         **Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID 307030**
**Harrisburg, PA 17120**
**Phone: (717) 783-7128**              **KAREN M. ROMANO**
                                                       **Chief Deputy Attorney General**

**jblake@attorneygeneral.gov**

**Date:  May 5, 2020**                     **Counsel for Defendant**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC SHIELDS,** | : | No. 4:18-CV-0185 |
| Plaintiff | : | |
| | : | Judge Brann |
| v. | : | |
| | : | **Electronically Filed Document** |
| **C.O. HOPKINS,** | : | *Complaint Filed 01/23/18* |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Jonathan M. Blake, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 5, 2020, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Defendant's Motion for Summary Judgment to the Plaintiff via hand delivery through the Department of Corrections. This alternative method of service is being used due to the COVID-19 emergency.

**VIA HAND DELIVERY**

**Eric Shields, MZ-6698**
**SCI Waymart**
*Pro Se Plaintiff*

                                         *s/ Jonathan M. Blake*
                                         **JONATHAN M. BLAKE**
                                         Deputy Attorney General

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC SHIELDS,** | : | No. **4:18-CV-0185** |
| **Plaintiff** | : | |
| | : | **Judge Brann** |
| v. | : | |
| | : | **Electronically Filed Document** |
| **C.O. HOPKINS,** | : | *Complaint Filed 01/23/18* |
| **Defendants** | : | |

## CERTIFICATE OF WORD COUNT

I hereby certify that this brief contains 3,167 words within the meaning of Local Rule 7.8(b)(2). In making this certificate, I have relied on the word count of the word processing system used to prepare the brief.

                                     *s/Jonathan M. Blake*
                                     **Jonathan M. Blake**
                                     Deputy Attorney General