## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC SHIELDS, | | No. 4:18-CV-00185 |
| Plaintiff, | | (Judge Brann) |
| v. | | |
| C.O. HOPKINS, | | |
| Defendant. | | |

## MEMORANDUM OPINION

### OCTOBER 15, 2020

Plaintiff Eric Shields, who was formerly a state prisoner confined at the State Correctional Institution at Dallas, in Dallas, Pennsylvania, filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging First and Eighth Amendment claims against remaining Defendant C.O. Hopkins.[1]   Presently before the Court is Defendant C.O. Hopkins' motion for summary judgment, which Plaintiff has not opposed and is ripe for adjudication.[2]   For the reasons that follow, the Court will grant the motion.

## I.     FACTUAL BACKGROUND

During the events alleged in the amended complaint, Plaintiff was incarcerated in the Restricted Housing Unit ("RHU") at SCI Dallas.[3]   Defendant

---

[1]   Doc. 9.
[2]   Doc. 32.
[3]   Doc. 38 at 5.

Hopkins was working in the RHU at the time.[4]  In the amended complaint, Plaintiff alleges that "Defendant CO Hopkins took food off Shields['] tray" and "told Shields 'I don't care you should kill yourself Scumbag.'"[5]  Plaintiff also alleges in conclusory fashion that Defendant Hopkins is retaliating against him in violation of the First Amendment of the Constitution of the United States.[6]

Plaintiff filed Grievance No. 708957 regarding Defendant Hopkins allegedly taking food from his meal trays and stating "I don't care who eats or not" on November 28 and 29, 2017.[7]  No other statements are referenced by Plaintiff in the grievance.[8]  Plaintiff failed to appeal this grievance to the final level of review.[9]

## II.    STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.[10]  A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.[11]  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving

---

[4]   *Id.*
[5]   Doc. 1 at 2.
[6]   *Id.* at 3.
[7]   Doc. 38 at 4.
[8]   *Id.*
[9]   *Id.*
[10]  Fed. R. Civ. P. 56(c).
[11]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

party.[12]  A court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor.[13]  When the non-moving party fails to refute or oppose a fact, it may be deemed admitted.[14]

Initially, the moving party must show the absence of a genuine issue concerning any material fact.[15]  Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[16]  "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla."[17]  "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion.[18]

If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[19]  Rule 56 mandates the entry of summary judgment against the party who

---

[12]   *Id.* at 250.

[13]   *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[14]   *See* Fed. R. Civ. P. 56(e)(2); Local R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").

[15]   *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986).

[16]   *Anderson*, 477 U.S. at 257.

[17]   *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).

[18]   Fed. R. Civ. P. 56(e)(2)-(3).

[19]   *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[20]

Here, Plaintiff has failed to oppose this dispositive motion or refute the facts asserted in Defendant's statement of facts.   Pursuant to Federal Rule of Civil Procedure 56(e),[21] the Court has reviewed the statement of facts as well as each fact's citation to the record and will consider each fact undisputed.[22]   A thorough and comprehensive review of the record makes clear that no material fact is in dispute as to the dispositive issue in this case.  As such, summary judgment is appropriate.[23]

## III.   DISCUSSION

Defendant argues, *inter alia*, that Plaintiff has failed to exhaust his administrative remedies, which then bars his claims brought pursuant to § 1983 as a matter of law.  A review of the record demonstrates that although Plaintiff initiated the grievance process with Grievance No. 708957, the denial of that grievance was never appealed.

Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[20]   *Celotex Corp.*, 477 U.S. at 322.

[21]   *See* Fed. R. Civ. P. 56(e)(1).

[22]   *See* Fed. R. Civ. P. 56(e)(2).

[23]   *See* Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.").

Exhaustion is a mandatory prerequisite to any prisoner's filing of a civil rights action regarding prison conditions,[24] and a "'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'"[25] "[T]he . . . exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[26] A prisoner must exhaust all available administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process, as long as the grievance tribunal has authority to take some responsive action.[27]

The applicable procedural rules for properly exhausting administrative remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by [§ 1997e(a)] to 'properly exhaust.'"[28] The burden of proving non-exhaustion lies with the defendants asserting the defense.[29] A court evaluating the "threshold" issue of

---

[24]  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001))

[25]  *Small v. Camden County*, 728 F.3d 265, 270 (3d Cir. 2013).

[26]  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[27]  *Booth*, 532 U.S. at 741.

[28]  *Jones v. Bock*, 549 U.S. 199, 218 (2007). *See Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010) ("[W]hether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures.").

[29]  *Jones*, 549 U.S. at 212, 216–17.

exhaustion looks at whether the inmate "compli[ed] with the prison's specific grievance procedures" and whether those procedures were available to the inmate.[30]

In Pennsylvania, the Department of Corrections ("DOC") has established a comprehensive administrative grievance procedure, DC-ADM 804.[31]  Under that procedure, a prisoner must first submit a timely written grievance for review by the facility manager or regional grievance coordinator within fifteen days from the date of the incident.[32]  DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "shall identify individuals directly involved in the events," and "shall specifically state any claims he wishes to make concerning violations of Department directives, regulations, court orders, or other law."[33]  A response should be received within ten business days.[34]  Next, the prisoner must submit a timely written appeal to an intermediate review level within ten working days.[35]  Again, a response should be received within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee, also known as the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"), within fifteen working days, and the inmate should receive a final

---

[30]   *Rinaldi v United States*, 904 F.3d 257, 265 (3d Cir. 2018) (quoting *Drippe*, 604 F.3d at 781, and *Small*, 728 F.3d at 269-71).
[31]   *See* Doc. 153 (DC-ADM 804).
[32]   *Id.*
[33]   *Id.*
[34]   *Id.*
[35]   *Id.*

determination in writing within thirty days.[36]  To fully exhaust an issue or incident in accordance with DC-ADM 804, "[a]n inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process."[37]

It is clear that Plaintiff did not exhaust his grievance, which was never appealed to the final level of review.[38]  That does not end the Court's inquiry, however, as it must also consider whether the applicable administrative remedies were "available" to Plaintiff for those unexhausted claims.  In *Ross v. Blake*,[39] the Supreme Court most recently outlined the three instances in which remedies would not be "available" such that exhaustion may be excused: (1) when an administrative procedure "operates as a simple dead end with officers unable or consistently unwilling to provide relief to aggrieved inmates;" (2) where the administrative remedies are so unclear that "no ordinary prisoner can make sense of what it demands;" and (3) where prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."[40]

---

[36]  *Id.  See also Booth v. Churner*, 206 F.3d 289, 293 n.2 (3d Cir. 1997), *aff'd*, 532 U.S. 731 (2001) (discussing the exhaustion process for Pennsylvania state prisoners under an older version of DC-ADM 804).

[37]  *Stroman v. Wetzel*, No. 1:16-CV-2543, 2019 WL 931653, at *3 (M.D. Pa. Feb. 26, 2019).  *See also Garcia v. Kimmell*, 381 F. App'x 211, 213 n.1 (3d Cir. 2010) ("Proper exhaustion in Pennsylvania requires completion of a three-part procedure; initial review, appeal, and final review.").

[38]  *Garcia*, 381 F. App'x at 213 n.1 ("Proper exhaustion in Pennsylvania requires completion of a three-part procedure; initial review, appeal, and final review.").

[39]  136 S. Ct. 1850 (2016).

[40]  *Id.* at 1859-60.  *See also Rinaldi*, 904 F.3d at 266-67.

Here, Plaintiff has failed to oppose the motion, and he makes no argument that he falls under one of the three categories delineated above, nor would they appear to apply to the undisputed facts presented in the motion.  Indeed, while Plaintiff did utilize the grievance process for this grievance, as well as others, he simply failed to finish appealing his denied grievance regarding Defendant Hopkins.  In sum, there is simply no fact or reasonable inference the Court can make that would support a conclusion that the grievance procedure was unavailable to Plaintiff at SCI Dallas.

"[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him."[41]  Plaintiff makes no argument as to this issue and has thus failed to establish that such remedies were unavailable to him.  Accordingly, this Court finds that as a matter of law, Plaintiff failed to exhaust the administrative remedies that were available to him, as he is required to do by § 1997e(a) prior to filing suit as to all issued raised in the complaint.

## IV.  CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted. An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge

---

[41]  *Rinaldi*, 904 F.3d at 268.